PABÓN DEMANDANTE Y APELADO, *v.* ALVARADO ET AL., DEMANDADOS, Y APELANTE EL ULTIMO.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre nulidad de actuaciones.

No. 2099.—Resuelto en junio 4, 1920.

RECONOCIMIENTO POR LA MADRE DEL HIJO NATURAL—ACTA DE NACIMIENTO—ESTOPPEL.—El acta del registro civil es prueba *prima facie* del reconocimiento de un hijo por su madre natural aunque ésta no comparezca personalmente al acto de la inscripción; y la presentación por ésta de una demanda de filiación en nombre de aquel constituye también un reconocimiento, a tal extremo que la madre está impedida de negarlo.

ID.—NULIDAD DE SENTENCIA—DEFENSOR JUDICIAL—FRAUDE.—Existiendo el reconocimiento del hijo por la madre natural, y no concurriendo la muerte o incapacidad de ésta, el hijo no puede ser representado en un pleito por un defensor judicial; y si éste pretende que se anulen todos los procedimientos habidos en un pleito de filiación seguido por la madre en representación del hijo, debe alegar y probar la existencia de fraude.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Sabater.*

Abogado del apelado: *Sr. L. Llorens Torres.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En 28 de agosto de 1914 Angélica Alvarado radicó una demanda en la Corte de Distrito de Aguadilla contra Herminio López como único heredero de Eurípides López; que dicho Eurípides López y ella habían tenido relaciones carnales y como consecuencia de estas relaciones nació la niña Herminia; que ambos padres eran solteros y podían contraer matrimonio sin impedimento alguno, y otras alegaciones semejantes, al efecto de obligar a que se hiciera un reconocimiento por Herminio López de que Herminia Alvarado era hija natural de Eurípides López. Los autos muestran que hubo una contestación y juicio y que la Corte de Distrito de Aguadilla dictó sentencia a favor de Herminio López, demandado en este pleito.

El día 15 de mayo de 1917 fué radicada la presente demanda en la Corte de Distrito de Aguadilla y trasladado subsiguientemente el caso a la de Mayagüez. La demanda fué posteriormente enmendada y es sustancialmente como sigue: (1) Que el demandante Dionisio Ulises Pabón es el defensor de la niña Herminia, conocida por Herminia Alvarado, de siete años de edad, y el demandante está autorizado para entablar a nombre de ella este litigio según consta en la orden dictada por la Corte de Distrito de Aguadilla con fecha 15 de marzo de 1917, en el caso civil *ex parte* No. 2351; (2) que la citada Herminia es de filiación ilegítima y no fué reconocida como hija por ninguno de sus padres, ni en el acta de su nacimiento ni en escritura pública ni en otra forma solemne; (3) que con fecha 28 de agosto de 1914 la ahora demandada Angélica Alvarado, que residía en Lajas, alegando que era madre de Herminia Alvarado, pero sin expresar si era madre legítima o natural reconocida, presentó una demanda ante la Corte de Distrito de Aguadilla para justificar que dicha niña Herminia conocida por Herminia Alvarado, era hija natural de Eurípides López, y solicitó en la demanda que la corte dictara sentencia declarando a la citada Her-

minia Alvarado hija natural reconocida de Eurípides López; que tal demanda no estaba jurada y lleva el número 1824 de asuntos civiles de dicha Corte de Distrito de Aguadilla y fué establecida contra dicho Herminio López en su carácter de único heredero de su hermano Eurípides López que falleció el 13 de enero de 1914; (4) que a pesar de que la demandante y el demandado en el pleito de filiación de referencia eran residentes del Distrito Judicial de Mayagüez, sometiéronse por causas que ignora el demandante a la jurisdicción de la Corte de Distrito de Aguadilla, y celebrado el juicio, dicha corte dictó sentencia final en 20 de octubre de 1914 desestimando la demanda; (5) alega el demandante que Angélica Alvarado no era ni es madre legítima ni natural reconocida de Herminia Alvarado y que todos los procedimientos habidos en el pleito sobre filiación paterna de la niña Herminia, como hasta ahora han sido especificados, adolecen de vicio de nulidad y son nulos por haber sido instituídos por persona que no tenía capacidad legal para tramitarlos y por no haber prestado consentimiento en legal forma la citada niña Herminia, y que tales procedimientos fueron llevados a cabo por Angélica Alvarado y por Herminia Alvarado, mediante acuerdo entre las dos, sabiendo ambas según información que el demandante cree cierta, que la citada Angélica Alvarado no tenía capacidad legal para tramitarlos y el demandante suplicó a la corte que dictara sentencia decretando la nulidad de todos los procedimientos habidos en el pleito civil No. 1824 de la Corte de Distrito de Aguadilla.

En diez de febrero de 1919 cuando el caso fué llamado a juicio el demandante presentó la orden de la Corte de Distrito de Aguadilla dictada en el caso civil No. 2351 por la que se autorizaba a dicho Dionisio Ulises Pabón a establecer varias acciones. El demandante presentó entonces el acta de nacimiento de Herminia Alvarado en la cual se expresaba que en el pueblo de Lajas, Carlos E. Irizarry, vecino de Lajas, como encargado para hacerlo, inscribe el nacimiento de una hembra y que dicha niña es hija natural de Angélica

Alvarado, suscribiendo varios testigos el acta, que fué debidamente inscrita en el municipio. Esta comparecencia de Carlos E. Irizarry fué hecha en 9 de julio de 1909 y también se hacía constar en dicha acta que la niña nació el día primero de mayo del mismo año. Entonces se ofrecieron como prueba los procedimientos del pleito anterior en unión de la sentencia de la Corte de Aguadilla; después una certificación del secretario de la Corte de Distrito de Aguadilla creditiva de que en el pleito anterior ninguna de las partes presentaron prueba documental. Sigue entonces la declaración de la testigo Angélica Alvarado que dijo que no compareció ante ningún notario a reconocer la niña y que ella nunca la reconoció ante la Corte de Distrito de Aguadilla. Con eso quedó terminada la prueba del demandante. La parte demandada empezó por presentar la solicitud de Dionisio Ulises Pabón para que se le nombrara defensor la que comprendía casi la misma exposición de hechos que los referidos en la demanda enmendada, siendo la alegación principal que la niña carece de padres que la hubieran reconocido legalmente. Entonces el demandado presentó también el acta de nacimiento, la orden de la corte, los procedimientos del pleito anterior y la sentencia de la Corte de Distrito de Aguadilla. Sigue la declaración del testigo William J. Santos, tendente a mostrar que Leopoldo Feliú estaba debidamente autorizado para radicar la acción a nombre de Angélica Alvarado y una declaración semejante prestada por Benito Forés, habiendo presentado también la parte demandada algunas copias de escrituras del registro de la propiedad en las que Angélica Alvarado actuó a nombre de su hija Herminia; luego Angélica Alvarado fué a la silla testifical para decir que Herminia Alvarado era su hija y vivía con ella desde que nació y que entonces vivía con ella; declaró luego Dionisio Ulises Pabón a nombre de los demandados e hizo constar que todos los documentos presentados por Angélica Alvarado en el pleito habían sido preparados por él. La Corte de Distrito de Mayagüez dictó sentencia a favor del demandante. Entre las

alegaciones de los demandados además de la contestación había una excepción previa. El apelante alegó que la demanda no determinaba una causa de acción.

La sentencia debe ser revocada y aunque la mayoría de las cuestiones han sido promovidas por el apelante, por razón de conveniencia las consideraremos en un orden algo diferente.

Aunque tal vez Dionisio Ulises Pabón tenía *prima facie* facultad para representar a la hija por razón de sus manifestaciones ante la Corte de Distrito de Aguadilla, la prueba revela que él carecía de tal facultad porque la hija tenía madre natural que la había reconocido legalmente. De acuerdo con el Código Civil y el de Enjuiciamiento Civil la facultad para nombrar a un defensor existe solamente cuando no hay tutor natural o cuando éste por alguna razón está incapacitado o imposibilitado. Si Angélica Alvarado es la madre natural de esta niña y la ha reconocido legalmente, de los autos no aparece absolutamente nada por qué otra persona ha de radicar una acción a nombre de ella.

El Código Civil habla en varios sitios del reconocimiento por cualquiera de los padres pero podemos dudar si una madre natural que tiene la custodia de la hija no puede ser considerada como que la ha reconocido si la mantiene y sustenta. Nos inclinamos a creer que la madre en estas circunstancias tiene la patria potestad sobre la hija hasta tal punto que puede presentar una acción, pero no queremos insistir en este punto. La madre *prima facie* reconoció a la hija en la fecha de su nacimiento como aparece del acta de nacimiento presentada por ambas partes en este caso. Es cierto que la madre no compareció personalmente en el registro, pero de la certificación aparece que la persona que fué allí estaba encargada de inscribir el nacimiento de la misma. Recientemente hemos declarado en el caso de *Ex parte Otero y Striker v. El Pueblo,* 27 D. P. R. 340, que el registro parroquial es prueba *prima facie* del reconocimiento hecho por la madre y una regla semejante parece ser de aplicación al

registro civil. Eso por sí sería suficiente razón para demostrar que Angélica Alvarado reconoció a su hija. No se hizo demostración alguna en el juicio de que esta inscripción se hiciera sin el consentimiento de la madre. Ella meramente manifestó que no compareció allí.

La radicación del pleito anterior en Aguadilla era un reconocimiento por parte de la madre. Una demanda presentada por un abogado que está autorizado es un documento público solemne y ya que técnicamente se le deba tener por tal documento o no es un acto solemne para el cual no es necesario ningún estatuto especial. Si no había alguna otra razón Angélica Alvarado está impedida de negar en contra de Herminio López que ella era la madre natural reconocida de la niña y que estableció la acción a nombre de ella.

Asimismo aparece de los autos que Angélica Alvarado adquirió bienes a su nombre y en el de su dicha menor Herminia y que también vendió cañas por escritura pública procedentes de una propiedad inscrita a su nombre y en el de Herminia.

También hacemos mención, aunque no basamos nuestra decisión en este aspecto de la ley, de que la niña nació en el año 1909 después de haber empezado a regir el código de 1902 y antes de ser reformado en estos particulares por la ley de 1911. El artículo 187 de ese código prescribe que el hijo ilegítimo puede ser reconocido de cualquier modo por el padre y la madre conjuntamente o por uno solo de ellos. Se verá pues, que Angélica Alvarado admite el hecho de haber reconocido a la niña desde la fecha de su nacimiento.

La excepción previa en este caso era válida porque un demandante que pretende que se anule una sentencia debe demostrar que tiene interés en el asunto. Un hijo ilegítimo solo puede tener interés en anular una sentencia por la que se declara que no es hijo natural, demostrando en realidad de verdad que es tal hijo natural. Si se examina la demanda se verá que no hay en ella ninguna alegación de que Herminia Alvarado es hija de padres que a la fecha de su con-

cepción eran solteros y podían contraer matrimonio sin dispensa, ni ninguna otra alegación semejante. En la demanda debieron haberse alegado hechos demostrativos de que Herminia Alvarado era hija natural de padres cuyos nombres se mencionaron o se alegaba eran desconocidos del demandante. La demanda también era defectuosa por otra razón que tal vez es igual o semejante al fundamento que alega el apelante. Herminio López no estaba obligado por los procedimientos *ex parte* de Dionisio Ulises Pabón. Por tanto, la demanda debió haber alegado hechos por los cuales se hacía necesario a Pabón solicitar y obtener una orden nombrándole defensor.

Considerado el hecho de que había una madre reconocida como aparece demostrado por la prueba, era imposible dejar sin efecto la sentencia de la Corte de Distrito de Aguadilla sin demostrarse de algún modo que Herminio López y Angélica Alvarado conspiraron o cometieron fraudes. Los preceptos de la ley que autorizan a una madre natural a establecer una acción sin un requisito previo solemne son todos en favor de los hijos naturales. Las cuestiones promovidas por el apelado en este caso, de ser válidas, podrían servirle a un padre natural. Si hubo en realidad de verdad un fraude en este caso había medios para proteger a la hija, pero a falta de una alegación y prueba de fraude, como hemos dicho, la sentencia de la Corte de Distrito de Aguadilla debe subsistir.

La sentencia de la Corte de Distrito de Mayagüez debe ser revocada y desestimada la demanda.

> *Revocada la sentencia apelada y desestimada
> la demanda sin costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.