### Pérez, Recurrente, *v.* El Registrador de San Germán, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Germán denegatoria de la inscripción de un contrato de división de bienes hereditarios.

No. 498.—Resuelto en julio 5, 1921.

Madre Natural — Patria Potestad sobre Hijos Naturales — Representante Legal de Hijos Naturales Menores de Edad.—La inscripción de un hijo natural equivale *prima facie* al reconocimiento por parte de la madre natural, aún cuando ésta no hubiera comparecido personalmente al registro a inscribir su hijo. Por lo que, la madre natural de unos menores que aparecen inscritos en el registro civil como tales hijos naturales suyos, tiene facultad para representarlos en el otorgamiento de una escritura de agrupación y división de bienes heredados de su padre en los que los menores son partícipes.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. B. Forés.*

El Registrador recurrido compareció por escrito.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Por escritura pública No. 26 de 31 de mayo de 1919 los herederos de Francisco Pérez Vilanova, los mayores de edad por sí y los menores representados por su madre Juana López, agruparon varias fincas dejadas por su causante y en el mismo documento dividieron entre todos ellos la finca resultante de la agrupación.

Esta escritura fué presentada en el Registro de la Propiedad de San Germán para su inscripción acompañada de los siguientes documentos: certificaciones del registro civil de las actas de nacimiento de dichos menores, en las que aparecen reconocidos por Juana López como hijos naturales suyos; copia notarial del testamento de Juana López otorgado el 20 de abril de 1921 en el que reconoce como hijos naturales suyos a dichos menores y a otros que son mayores de edad; y copia también notarial de otra escritura del mismo día en la. que Leopoldina Pérez López, una de las menores referidas que entonces había llegado a su mayor edad, y

Juana López en representación de los otros hijos suyos aún menores de edad ratifican en los conceptos en que comparecen la escritura de agrupación y de división de bienes de 31 de mayo de 1919.

En vista de esos documentos el registrador puso al pie de la escritura de agrupación y de división la siguiente nota:

"Inscrito el documento que precede, que es la escritura número 26 otorgada en el barrio de Llanos de Lajas, el 31 de mayo de 1919 ante el notario Ricardo del Toro Soler, en cuanto a la agrupación de fincas que comprende, al folio 232 del tomo 27 del Ayuntamiento de Lajas, finca número 1377, inscripción primera; y se deniega la inscripción del propio documento con vista de otros, en cuanto a la adjudicación que en el mismo se hace a favor de Eduardo Arcadio Pérez y López, única de la cual se solicitó inscripción, y en su lugar se extiende anotación preventiva por término de 120 días a favor del mencionado señor Pérez y López al folio 238 del citado tomo 27 de Lajas, finca número 1378, anotación letra A, por la razón siguiente: porque habiendo sido representados en la división de comunidad de bienes a que se refiere dicha escritura los menores que se nombran en la misma, por Juana López que se dice ser madre con patria potestad sobre aquéllos, se ha demostrado documentalmente que ésta no tenía tal concepto en la fecha del otorgamiento de la escritura, y en tal supuesto, la referida división de comunidad debió haber sido aprobada por la corte competente, constituyendo la carencia de ese requisito un defecto insubsanable que impide la inscripción del título de partición, y cuyo defecto necesariamente debe ser considerado en la calificación del mismo, aunque únicamente, como en este caso, se pida la de la adjudicación de uno de los comuneros mayores de edad.   Y si bien es cierto que se presentaron como documentos complementarios las escrituras números 51 y 52 otorgadas en esta ciudad el 20 de abril último ante el notario Benito Forés y Morazo, la primera de testamento en virtud del cual la susodicha Juana López, reconoce como sus hijos a los menores nombrados en la de división de comunidad y los declara sus únicos y universales herederos, y la segunda de ratificación de contrato por la que dicha Juana López y Leopoldina Pérez y López una de las menores, pero en la actualidad mayor de edad, ratifican la mencionada escritura número 26 de división de bienes, tal ratificación no es aceptable en derecho, porque la falta de autorización judicial en los contratos celebrados a nombre de los menores

de edad, que exigen dichos requisitos, queda subsanada cuando los menores interesados en el contrato siendo mayores de edad, lo ratifican expresa o tácitamente, reconociendo su firmeza o validez, y no consta que todos los susodichos menores hayan alcanzado su mayoridad para poder realizar semejante acto, careciendo por tanto, de capacidad la predicha Juana López para hacerlo por aquéllos.—San Germán, mayo 21 de 1921.''

Contra ella interpuso Eduardo Pérez López, uno de los herederos mayor de edad e hijo natural de Juana López, el presente recurso gubernativo con súplica de que ordenemos la inscripción que le fué negada.

La lectura de la nota recurrida demuestra que el registrador no hizo la inscripción solicitada porque entendió que se había demostrado documentalmente que al otorgarse la escritura de agrupación y de división de bienes no tenía Juana López la patria potestad sobre sus hijos por lo que era necesaria la aprobación judicial. Entendemos sin embargo que el registrador está equivocado en su afirmación de que documentalmente está demostrado que Juana López no tenía en la fecha de la escritura de división la representación de los menores pues por el contrario resulta documentalmente de las certificaciones de nacimiento de los menores que fueron reconocidos por Juana López en las fechas de sus respectivas inscripciones de nacimiento como hijos naturales suyos y si bien es cierto que ella no compareció en el registro a hacer tales declaraciones sino que otra persona las hizo en su nombre esto no impide que tales actas sean prueba *prima facie* de que son sus hijos naturales según hemos declarado en el caso de *Pabón* v. *Alvarado*, 28 D. P. R. 583, por lo que tenía la patria potestad sobre los menores que representó en la escritura de división de bienes y no era necesario la aprobación judicial, exigida por el artículo 413 del Código Civil en relación con el 1027 del mismo texto cuando en la división de los bienes no interviene el padre o la madre con patria potestad sobre sus hijos, por lo que

no existe el defecto insubsanable que según el registrador impedía la inscripción.

El hecho de que la madre posteriormente creyera conveniente reconocer en su testamento a dichos menores y a otros mayores como hijos naturales suyos y que otorgara con una de las menores que arribó a la mayor edad una escritura ratificando la de división de bienes, aunque tales actos no eran necesarios, lejos de destruir el reconocimiento hecho en las inscripciones de nacimiento de dichos menores viene a darle mayor fuerza.

La nota recurrida debe ser revocada y ordenarse la inscripción solicitada.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.