JOSEFA QUIÑONES MEDINA, en sustitución del menor JOSÉ ANTONIO QUIÑONES, quien falleció, demandante y apelada, *v.* FRANCISCO GALENO CABÁN, demandado y apelante.

Núm. 7267.—*Sometido:* Diciembre 2, 1937. *Resuelto:* Junio 24, 1938.

362

*E. Pérez Casalduc,* abogado del apelante; *L. Mercader,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Josefa Quiñones Medina alegó en la Corte de Distrito de Arecibo que era la madre con patria potestad sobre los menores José Antonio Quiñones y Gladys Quiñones, e instó demanda a nombre de ellos contra Francisco Galeno Cabán para obtener de éste el reconocimiento de dichos menores como hijos naturales.

Durante el juicio, la prueba tendió a demostrar, substancialmente, que el demandado tuvo relaciones amorosas con la madre de los demandantes durante varios años, o sea más o menos desde 1928 hasta mediados de 1933; que le puso una casa, la visitó continuamente y vivió con ella como concubina suya; que los menores nacieron durante este período; que el demandado era solícito con ellos desde el momento en que nacieron, les tenía afecto y les pagaba sus alimentos y demás cosas necesarias.

La corte de distrito dictó sentencia a favor del menor José Antonio Quiñones y desestimó la demanda en lo que a Gladys Quiñones se refería. La desestimación se basó en el

hecho de que Josefa Quiñones Medina se había casado con Gregorio Monto. Se divorció de éste en julio 26 de 1930, y, según el certificado de nacimiento y la prueba aducida en el juicio, la menor Gladys Quiñones nació el primero de agosto de 1931. Como de acuerdo con el inciso sexto del artículo 70 del Código Civil, edición de 1930, una mujer cuyo matrimonio ha sido disuelto, no puede contraer matrimonio durante los trescientos un días siguientes a tal disolución, y como el artículo 125 del mismo código provee que son hijos naturales los nacidos fuera de matrimonio de padres que al tiempo de la concepción de aquéllos hubieran podido casarse sin dispensa o con ella, Gladys Quiñones, en su consecuencia, no era una hija natural, puesto que ella fué concebida cuando la madre estaba impedida por ley de contraer matrimonio con el demandado o con cualquier otro hombre.

El demandado apeló de esta sentencia y señala cuatro errores.

 Como primer señalamiento el apelante sostiene que la corte de distrito cometió error al dictar sentencia a favor del menor José Antonio Quiñones, por no haber comparecido éste representado por la persona que designa la ley.

Josefa Quiñones Medina alegó en su demanda que era la madre con patria potestad sobre el menor José Antonio Quiñones, a cuyo favor se dictó sentencia. El apelante sostiene que la mera manifestación de Josefa Quiñones Medina de que el referido menor era hijo suyo no es suficiente prueba de ese hecho. El apelante sostiene, además, que la única forma en que puede probarse la paternidad de un hijo ilegítimo, de acuerdo con el artículo 125 del Código Civil (edición de 1930), es mediante copia del acta de nacimiento en que el padre o madre, o ambos, han comparecido conjuntamente y suscrito la declaración en que se reconoce a dicho menor o mediante copia de cualquier otro *documento* público en que él, ella, o ambos, reconocen a dicho menor.

El acta de nacimiento del menor·José Antonio Quiñones, copia certificada de la cual fué ofrecida en evidencia, no

demuestra que Josefa Quiñones misma reconociera el hijo como suyo, sino que dicha declaración fué hecha por otra persona, o sea por José Quiñones, tío del niño, quien suscribió la misma. En su consecuencia, el apelante alega que nunca ha habido un reconocimiento del menor por Josefa Quiñones Medina, conforme exige el artículo 125 del Código Civil (edición de 1930).

En el caso de *Pabón* v. *Alvarado et al.*, 28 D.P.R. 579, 583, 584, este tribunal resolvió lo siguiente:

"El Código Civil habla en varios sitios del reconocimiento por cualquiera de los padres pero podemos dudar si una madre natural que tiene la custodia de la hija no puede ser considerada como que la ha reconocido si la mantiene y sustenta. Nos inclinamos a creer que la madre en estas circunstancias tiene la patria potestad sobre la hija hasta tal punto que puede presentar una acción, pero no queremos insistir en este punto.

"La madre prima facie reconoció a la hija en la fecha de su nacimiento como aparece del acta de nacimiento presentada por ambas partes en este caso. Es cierto que la madre no compareció personalmente en el registro, pero de la certificación aparece que la persona que fué allí estaba encargada de inscribir el nacimiento de la misma. Recientemente hemos declarado en el caso de *Ex parte Otero y Striker* v. *El Pueblo*, 27 D.P.R. 340, que el registro parroquial es prueba prima facie del reconocimiento hecho por la madre y una regla semejante parece ser de aplicación al registro civil. Eso por sí sería suficiente razón para demostrar que Angélica Alvarado reconoció a su hija. No se hizo demostración alguna en el juicio de que esta inscripción se hiciera sin el consentimiento de la madre. . ."

En *Pérez* v. *Registrador*, 29 D.P.R. 672, 674, hallamos lo que sigue:

". . . . resulta documentalmente de las certificaciones de nacimiento de los menores que fueron reconocidos por Juana López en las fechas de sus respectivas inscripciones de nacimiento como hijos naturales suyos y si bien es cierto que ella no compareció en el registro a hacer tales declaraciones sino que otra persona las hizo en su nombre, esto no impide que tales actas sean prueba prima facie de que son sus hijos naturales según hemos declarado en el caso de *Pabón* v. *Alvarado*, 28 D.P.R. 583, por lo que tenía la patria potestad

sobre los menores que representó en la escritura de división de bienes y no era necesario la aprobación judicial. : ."

En *Góñez* v. *Palmieri*, 50 D.P.R. 457, se resolvió:

"En pleito entablado por una madre en representación de su hija menor, la verdadera parte interesada lo es la hija y no la madre, la que sólo comparece en representación de ella. En esas circunstancias, la demanda no está sujeta a ser excepcionada por el fundamento de falta de causa de acción en la madre para demandar."

Por tanto, toda vez que el acta de nacimiento del menor y la declaración de la madre constituían prueba prima facie de que Josefa Quiñones Medina era la madre de dicho menor, y tenía la patria potestad sobre el mismo, el apelante debió haber presentado prueba para destruir tal evidencia, y, en tal virtud, la resolución de la corte de distrito no es errónea.

Los señalamientos segundo y tercero envuelven una cuestión de derecho e imputan a la corte de distrito haber actuado erróneamente al admitir como prueba copia del acta de nacimiento del menor José Antonio Quiñones.

Durante el juicio el letrado de la demandante ofreció en evidencia el acta de nacimiento de José Antonio Quiñones. Alegando que dicha acta se le había extraviado, solicitó, y se le concedió, permiso para buscarla. Cuando la corte reanudó la sesión, el letrado alegó que el acta se le había perdido y solicitó tiempo adicional para obtener copia de la misma del Departamento de Sanidad. Esta solicitud le fué concedida por la corte, reservando al demandado el derecho a presentar cualesquiera objeciones que pudiera tener a la admisión de dicha acta en evidencia.

El apelante alega que la corte abusó de su discreción al obligar al demandado a ofrecer su prueba antes de la demandante haber terminado de presentar la suya. El apelante también alega que la corte de distrito erró al admitir el acta de nacimiento en evidencia, toda vez que la misma no está firmada por el Comisionado de Sanidad, sino por otra persona a su nombre. También alega que no hubo prueba en torno

a si dicha persona había sido autorizada por el Comisionado de Sanidad para expedir certificados de nacimiento.

El inciso octavo del artículo 7 del Código de Enjuiciamiento Civil (edición de 1933) lee como sigue:

"Toda corte tiene poder:

" . . . . . . . . . .

"8. Para inspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y a la justicia."

En lo que se refiere al tiempo concedido para presentar dicha acta de nacimiento, no existe ningún error aparente por parte de la corte de distrito, mas aún si lo hubiera, no vemos cómo el mismo pudo haber perjudicado al demandado. El certificado era meramente evidencia corroborante, puesto que ya se había presentado otra evidencia suficiente para probar el nacimiento del menor y el hecho de que Josefa Quiñones Medina era su madre.

En *Montalvo* v. *Montalvo*, 25 D.P.R. 858, este tribunal resolvió que no es un error perjudicial en pleito sobre reconocimiento de hijo natural, el admitir una certificación de muy poca o ninguna fuerza probatoria en sí misma, para acreditar la fecha del nacimiento del demandante, cuando existen otras pruebas más que suficientes que establecen dicho hecho.

En lo que concierne a la contención del apelante de que el acta no estaba firmada por el Comisionado de Sanidad, sino por otra persona en su lugar, el artículo 38 de la Ley núm. 24 de 1931 (Leyes de ese año, pág. 229, 267) lee así:

"A petición de parte interesada, el Comisionado de Sanidad o la persona autorizada por él, suministrará copia certificada de cualquier certificado de nacimiento, casamiento o defunción que se haya inscrito y registrado en el Registro General de acuerdo con las disposiciones de esta Ley. . . . La copia del récord de cualquier nacimiento, casamiento o defunción, después que sea certificada por el Comisionado de Sanidad *o por la persona autorizada por él*, constituirá evidencia prima facie ante todas las cortes de justicia de los hechos que consten en la misma. . . ." (Itálicas nuestras.)

A este respecto, la regla general, según ha sido expuesta por Ruling Case Law, es como sigue (22 R.C.L. 472, sec. 143):

"Existe la presunción legal de que todo funcionario público cumple con su deber y que cuida fielmente de aquellos asuntos encomendádosle, y además, hasta que se demuestre lo contrario, que las personas que desempeñan un cargo público han sido debidamente nombradas y actúan con autoridad."

Véanse *Keely* v. *Sanders,* 99 U.S. 441, 25 L. Ed. 327; *Commonwealth* v. *Kane,* 11 Am. Rep. 373.

El cuarto señalamiento del apelante alega que la corte de distrito cometió error al considerar la evidencia presentada y al resolver que el menor José Antonio Quiñones tenía derecho a su reconocimiento como hijo natural del demandado. A este respecto, la demandante ofreció suficiente prueba para sostener las alegaciones de la demanda y no existe mérito alguno en la contención del demandado.

Las consideraciones anteriores exigen la confirmación de la sentencia.

Los Jueces Presidente Señor Del Toro y Asociado Señor De Jesús no intervinieron.